UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

JULIE GORNEY,

    Plaintiff,

v.

ARS NATIONAL SERVICES, INC.,

    Defendant.

Case No. 9:21-cv-00091

**NOW COMES**, JULIE GORNEY, through her undersigned counsel, complaining of ARS NATIONAL SERVICES, INC., as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. JULIE GORNEY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Trinity, Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. ARS NATIONAL SERVICES, INC. ("Defendant") maintains its principal place of business at 201 West Grand Avenue, Escondido, California 92025.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it regularly collect debts owed to third parties.

## FACTUAL ALLEGATIONS

9. At some point in time, Plaintiff applied and was approved for a Citibank credit card.

10. Plaintiff used the account to make purchases for personal and household purposes.

11. Due to financial difficulty, Plaintiff fell behind on her payments to Citibank ("subject debt").

12. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. The subject debt was eventually placed with Defendant for collection.

14. On March 24, 2021, Defendant mailed Plaintiff a letter regarding the subject debt ("Defendant's Letter").

15. Defendant's Letter claims that Defendant was "unable to discuss the account with the attorney because we have been unable to contact them."

16. Defendant's Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. Prior to receiving the collection letter from Defendant, Plaintiff had informed Defendant that she had hired an attorney to file bankruptcy.

18. Plaintiff also provided Defendant with her bankruptcy attorney's information.

19. Concerned with Defendant's inability to contact Plaintiff's attorney, Plaintiff called Defendant to ascertain dates and times that Defendant attempted contact.

20. Defendant refused to give Plaintiff any times or dates on which it had attempted to contact Plaintiff's attorney.

21. In fact, Defendant refused to answer any questions regarding the subject debt and informed Plaintiff to contact Citibank as the account went back to Citibank.

22. Plaintiff was confused as to why Defendant was attempting to contact her when she already had counsel who was handling her affairs.

23. Further causing confusion for Plaintiff was Defendant's unwillingness to provide the information she requested.

24. Concerned with Defendant's debt collection activities and unwillingness to cooperate with Plaintiff regarding the collection of the subject debt, Plaintiff retained counsel to ensure her rights were protected.

## DAMAGES

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

25. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violation(s) of 15 U.S.C. §1692c**

26. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consent to direct communication with the consumer.
> 15 U.S.C. § 1692c(a).

27. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff when it knew that Plaintiff was represented by counsel.

28. Specifically, Plaintiff informed Defendant of her intent to file bankruptcy and her retention of counsel prior to Defendant obtaining the subject debt for collection.

29. Additionally, once Plaintiff filed her bankruptcy, Defendant would have been advised by the bankruptcy court that the subject debt was included in the bankruptcy and that Plaintiff had counsel.

30. Since Defendant was unable to provide dates and times for the attempted contacts with Plaintiff's attorney, Plaintiff believes that Defendant did not make a concerted effort to contact Plaintiff's attorney and instead contacted Plaintiff directly in direct violation of her rights.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: May 18, 2021  Respectfully submitted,

**JULIE GORNEY**

By**:** /s/ *Victor T. Metroff*

 Victor T. Metroff, Esq.
 Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd 2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com